UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:06-CR-70 |
| | ) | |
| LARRY SCISM | ) | |

**O R D E R**

The United States Probation Office has filed a petition[1] in which it requests that defendant's pretrial release be revoked. A hearing was held on May 17, 2007.

One of the conditions imposed upon defendant with regard to his pretrial release was that he violate no federal, state, or local laws. Defendant's drivers license is suspended or revoked; therefore, defendant may not lawfully drive a vehicle upon the roadways of this state.

United States Probation Officer Myres was charged with the responsibility of supervising defendant's pretrial release. Officer Myres testified that he had had reports "from the community" that defendant was driving a vehicle in violation of state law. As a result, Officer Myres' suspicions were aroused.

On May 4, 2007, defendant had a scheduled appointment with Officer Myres at the United States Courthouse in Greeneville. Suspecting that defendant had driven to the courthouse himself, Officer Myres enlisted the aid of Probation Officer Thornton to observe defendant as he left the courthouse. In addition to describing defendant to Officer Thornton, Officer Myres provided a photograph of defendant to Officer Thornton. Officer Thornton took up a position of surveillance but was unable to determine on that day if defendant had driven a vehicle. The following Monday,

---

[1] Doc. 108.

May 7, 2007, defendant again reported to Officer Myres at the courthouse, and Officer Myres again requested the assistance of Officer Thornton. Officer Myres described to Officer Thornton the clothing that defendant was wearing on that day, which included a beige T-shirt and a black baseball-style cap. Additionally, Officer Thornton still had with him the photograph of defendant supplied to him previously by Officer Myres.

Officer Thornton got in his private vehicle and parked in the parking lot directly across from the courthouse and waited for defendant to exit. Eventually Officer Thornton saw the defendant leave the courthouse and walk up Depot Street toward the state courthouse. Officer Thornton followed slowly in his vehicle. Defendant crossed Depot Street and walked down a narrow alley between two buildings, and Officer Thornton was unable to follow. However, after suspecting where defendant may have parked his vehicle, if in fact he had driven one, Officer Thornton proceeded to turn left onto Main Street. In a short period of time, Officer Thornton saw a Ford Ranger truck driven by the same man he had observed leaving the federal courthouse. Officer Thornton reported his observations to Officer Myres, who thereupon filed a petition to revoke the defendant's pretrial release.

At the hearing on May 17, 2007, Officer Thornton testified to the foregoing. Additionally, Officer Myres confirmed his instructions to Officer Thornton, as well as confirming the clothing that defendant was wearing as he left the federal courthouse.

Defendant stoutly denied through his attorney that he drove a vehicle on May 17, 2007. His girlfriend, Stephanie Reeves, testified that she drove defendant to the courthouse for his appointment on May 17, 2007, and, while he was in the courthouse, she drove to the Sav-A-Lot Grocery Store to do her shopping, with the understanding that defendant would walk to the Sav-A-

Lot parking lot to meet her when his appointment with the Probation Office was concluded. It is noted that the Sav-A-Lot parking lot is at right angles to the direction defendant left the courthouse as observed by Officer Thornton. Ms. Reeves also testified that defendant's cousin, Tony Nunnally, who is the "spitting image" of defendant, was driving the Ford Ranger truck on May 17, 2007. Interestingly, the tag number on that truck (observed by Officer Thornton) reveals that the vehicle is owned by Robert Younce, and that Mr. Younce resides at 10 Springbrook Road, Afton, Tennessee, which is defendant's address.

Defendant asks that this court suspend all common sense, and believe that his cousin not only is physically identical to him, but also that his cousin happened to be dressed exactly as defendant was on May 17, 2007.

By any standard of proof, including beyond a reasonable doubt, the court FINDS that the defendant drove a vehicle on May 17, 2007, as a result of which he violated that condition of his pretrial release that mandated that he violate no law.

Defendant's pretrial release is REVOKED and he shall be held in custody pending further orders of the district judge.

SO ORDERED:

    s/Dennis H. Inman
United States Magistrate Judge